IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION 07-0312-WS-C |
| **SANDRA DALE,** | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on the plaintiff's request for entry of default judgment, (Doc. 6), which the Court construes as a motion for entry of default and entry of default judgment.[1]

The file reflects that the defendant executed a waiver of service on May 8, 2007, which correctly informed her that her responsive pleading was due on or before July 2, 2007, failing which default judgment could be entered against her. (Doc. 4). Because the defendant "has failed to plead or otherwise defend as provided by these rules," Fed. R. Civ. P. 55(a), the plaintiff is entitled to entry of default. The motion for entry of default is thus **granted**. The clerk is directed to enter default against the defendant.

A defendant who has "appeared" in the action is entitled to three days' notice before default judgment is entered. Fed. R. Civ. P. 55(b). The plaintiff did not serve the defendant with its motion and so has not given this notice. The question becomes whether the defendant's return of an executed waiver of service constitutes an appearance for purposes of Rule 55(b).

An appearance under this rule is "not limited to a formal court appearance," *Charlton L. Davis & Co. v. Fedder Data Center, Inc.*, 556 F.2d 308, 309 (5th Cir. 1977),

---

[1] The plaintiff docketed the document as a motion for default judgment.

but it must be "responsive to plaintiff's formal Court action." *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975). The defendant's return of an executed waiver of service may satisfy the minimum threshold of *Baez,* but it does not thereby necessarily satisfy Rule 55(b).

In *Charlton L. Davis*, the Court found it important that the plaintiff, from letters and telephone calls after default was entered, "knew [the defendant] had a clear purpose to defend the suit." 556 F.2d at 309. This is consistent with the prevailing view that, in order to constitute an appearance under Rule 55(b), "[t]he defendant's actions must, at least, ... give the plaintiff a clear indication that the defendant intends to pursue a defense." 10 James Wm. Moore, et al., Moore's Federal Practice ¶ 55.21[2][b] at 55-35 (3rd ed. 2007). Various courts have relied on this proposition to conclude that an executed waiver of service reflects no such intent, any more than a defendant's receipt of formal process does so. *Rogers v. Hartford Life & Accident Insurance Co.*, 167 F.3d 933, 937-38 (5th Cir. 1999); *Sylvester, Ruud, Petrie & Cruzen v. Halpern*, 1992 WL 144689 at *1 (9th Cir. 1992); *Rogers v. ITT Hartford Life & Accident Co.*, 178 F.R.D. 476, 478-79 (S.D. Miss. 1997). The Court agrees with these authorities. Thus, the defendant is not entitled under Rule 55(b) to notice of the plaintiff's motion for entry of default judgment.

The Court may not enter default judgment against an infant or incompetent unless appropriately represented in the action. Fed. R. Civ. P. 55(b)(2). Here, the defendant acknowledged in her executed waiver of service that she is neither. Likewise, the defendant declared under penalty of perjury that she is not in the military service of the United States (and plaintiff's counsel repeated this representation in a declaration filed pursuant to 28 U.S.C. § 1746), thereby satisfying the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521. The procedural predicates for entry of default judgment being satisfied, the Court turns to the amount of the judgment to be entered.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). The complaint

demands $6,804.98 in principal, $1,465.81 in interest through November 28, 2006, and additional prejudgment interest at the rate of 5.25% per annum, or $0.98 per day.[2] The motion for default judgment requests precisely this amount, and a declaration from the Department of Education pursuant to Section 1746 confirms the indebtedness and how it is calculated.

Accordingly, the motion for entry of default judgment is **granted**. Judgment shall be entered accordingly by separate order in the amount of $8,497.17, plus post-judgment interest as provided in 28 U.S.C. § 1961.

DONE and ORDERED this 17th day of July, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2]November 29, 2006 through July 17, 2007 represents 231 days, or $226.38 interest.